**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAN 1 7 2012

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | JUDGE FEINERMAN |
| ) | |
| v. ) | No. 12 CR 0033 |
| ) | |
| JEFFREY B. TRAVIS ) | Violations: Title 18, United States Code, Sections 1341 and 1344 |

MAGISTRATE JUDGE KIM

**COUNT ONE**

The SPECIAL FEBRUARY 2011-1 GRAND JURY charges:

1. At times material to this Indictment:

   a. Defendant JEFFREY B. TRAVIS was a certified public accountant licensed by the State of Illinois and a tax preparer doing business as Gross & Travis, Ltd., and Travis and Associates, Inc., in Deerfield, Illinois. TRAVIS provided accounting and tax preparation services to small business clients, principally medical and dental firms. As part of these services, TRAVIS prepared tax returns, including payroll tax returns and income tax returns, and monthly financial statements for clients. TRAVIS also advised clients regarding amounts due from the clients to their vendors, amounts to be set aside and paid periodically for taxes due from clients, and amounts of clients' periodic contributions to retirement benefits programs. TRAVIS was authorized by his clients to make payments on their behalf to vendors, retirement programs, and tax authorities using checks signed by his clients and drawn on clients' accounts;

b. US Bankcorp was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"). US Bankcorp maintained numerous branch facilities in Illinois under the name US Bank. In February, 2001, US Bankcorp merged with Firstar Bank. In August, 2001, Firstar Bank changed its name to US Bank; and

c. TRAVIS controlled and was a signatory on two checking accounts at US Bank: checking account number xxxxxx629 in the name of Med-Tek Services, LLC (hereafter "the Med-Tek account"); and checking account number xxxxxx454 in the name of Travis and Associates, LLC (hereafter "the Travis account").

2. Beginning no later than in or about May 2002, and continuing until in or about December 2008, at Deerfield and elsewhere in the Northern District of Illinois, Eastern Division,

JEFFREY B. TRAVIS,

defendant herein, participated in a scheme to defraud US Bankcorp, and to obtain money and funds owned by and under the custody and control of US Bankcorp, by means of materially false and fraudulent pretenses and representations, which scheme is further described below.

3. It was part of the scheme that TRAVIS prepared and caused to be prepared checks payable from his clients to vendors, retirement programs, and tax authorities and, after representing to clients that he would transmit those checks to the intended recipients, instead fraudulently caused the checks to be deposited into the Med-Tek and Travis accounts. In

order to cause US Bank to accept the checks for negotiation, and create the false appearance that the checks had been properly endorsed by the payees for deposit into TRAVIS's accounts, TRAVIS caused to be placed on the reverse of each check, in the area reserved for the payee's endorsement, stamped text reading "PAY TO THE ORDER OF FIRSTAR BANK ILLINOIS, CHICAGO, IL 60602 > xxxxxx779 < FOR DEPOSIT ONLY, TRAVIS AND ASSOCIATES, INC., xxxxxx454" and "Pay To The Order Of BANK ONE, NA, For Deposit Only, MED-TEK SERVICES, INC.," respectively. At times, prior to depositing these checks that had been made payable to third parties, TRAVIS altered the checks to increase the amounts paid, without the clients' knowledge and consent.

4. It was further part of the scheme that at times TRAVIS fraudulently altered client checks payable to Travis and Associates to increase the amounts paid, without the clients' knowledge and consent, and caused those checks to be deposited into the Med-Tek and Travis accounts at US Bank.

5. It was further part of the scheme that TRAVIS fraudulently deposited and caused to be deposited into the Med-Tek and Travis accounts at US Bank at least 668 checks that were altered or payable to payees other than Med-Tek and TRAVIS.

6. It was further part of the scheme that TRAVIS withdrew from the Travis and Med-Tek accounts and converted to his personal use funds that he had caused US Bank to credit to those accounts through his fraudulent deposits of checks payable to other payees and altered checks.

3

7. It was further part of the scheme that, in order to conceal from clients that he had fraudulently negotiated and altered their checks, TRAVIS at times used his position of trust as his clients' accountant to prevent clients from gaining possession of their checks upon their return from the bank after negotiation.

8. It was further part of the scheme that, in order to lull Client E into believing that TRAVIS had transmitted to the Internal Revenue Service checks issued by Client E for the purpose of paying payroll taxes – when in fact TRAVIS had fraudulently deposited those checks into the Med-Tek account and converted the proceeds to his own use – TRAVIS sent Client E its federal and state tax returns, along with cover letters advising Client E that it owed modest additional amounts to the government and instructing Client E to send the Internal Revenue Service checks in the amounts specified by TRAVIS.

9. It was further part of the scheme that TRAVIS concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence, purposes, and acts done in furtherance of the scheme.

10. It was further part of the scheme that, by the above means, between approximately May 2002, and December 2008, TRAVIS fraudulently obtained from US Bankcorp, doing business as US Bank, and used for personal purposes and purposes not authorized by clients, approximately $2,034,848.

11. On or about December 28, 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

JEFFREY B. TRAVIS,

defendant herein, did knowingly execute and attempt to execute the above-described scheme by depositing and causing to be deposited into the Med-Tek account at US Bank, a counterfeit check purportedly issued by Client A, for payment of taxes and payable to Bank One, in the amount of $64,655.60;

In violation of Title 18, United States Code, Section 1344.

## COUNT TWO

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs one through ten of Count One of this Indictment.

2. On or about July 14, 2005, at Deerfield, in the Northern District of Illinois, Eastern Division,

JEFFREY B. TRAVIS,

defendant herein, did knowingly execute and attempt to execute the above-described scheme by depositing and causing to be deposited into the Travis account at US Bank, a counterfeit check purportedly issued by Client B, payable to Gross and Travis, LTD., in the amount of $4,025;

In violation of Title 18, United States Code, Section 1344.

## COUNT THREE

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs one through ten of Count One of this Indictment.

2. On or about December 26, 2006, at Deerfield, in the Northern District of Illinois, Eastern Division,

JEFFREY B. TRAVIS,

defendant herein, did knowingly execute and attempt to execute the above-described scheme by depositing and causing to be deposited into the Med-Tek account at US Bank, a counterfeit check purportedly issued by Client C, for payment of taxes and payable to Citibank, in the amount of $28,145.34;

In violation of Title 18, United States Code, Section 1344.

## COUNT FOUR

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs one through ten of Count One of this Indictment.

2. On or about July 13, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

JEFFREY B. TRAVIS,

defendant herein, did knowingly execute and attempt to execute the above-described scheme by depositing and causing to be deposited into the Travis account at US Bank, a counterfeit check purportedly issued by Client D, check number 9086, payable to Payee A, in the amount of $1,559.62;

In violation of Title 18, United States Code, Section 1344.

## COUNT FIVE

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs one through ten of Count One of this Indictment.

2. On or about December 22, 2008, at Deerfield, in the Northern District of Illinois, Eastern Division,

JEFFREY B. TRAVIS,

defendant herein, did knowingly execute and attempt to execute the above-described scheme by depositing and causing to be deposited into the Med-Tek account at US Bank, a counterfeit check purportedly issued by Client E, payable to US Bank - Payroll Taxes, in the amount of $114,158.00;

In violation of Title 18, United States Code, Section 1344.

## COUNT SIX

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs one and three through ten of Count One of this Indictment.

2. Beginning no later than May 2002, and continuing until in or about January 2009, at Deerfield, Chicago, and elsewhere in the Northern District of Illinois, Eastern Division,

JEFFREY B. TRAVIS,

defendant herein, did knowingly devise, intend to devise, and participate in a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, which scheme affected a financial institution, as further described in paragraphs three through ten of Count One.

3. On or about January 29, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

JEFFREY B. TRAVIS,

defendant herein, for the purpose of executing the above-described scheme, and attempting to do so, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, an envelope containing federal and state tax returns and forms and a cover letter dated January 26, 2007, with instructions for filing the returns, that envelope being addressed to:

    Client E
    [XX] N. Michigan Avenue, Suite [XXX]
    Chicago, IL 60602;

In violation of Title 18, United States Code, Section 1341.

## COUNT SEVEN

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs one and three through ten of Count One and paragraph two of Count Six of this Indictment.

2. On or about January 28, 2008, at Chicago, in the Northern District of Illinois, Eastern Division,

JEFFREY B. TRAVIS,

defendant herein, for the purpose of executing the above-described scheme, and attempting to do so, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, an envelope containing federal and state tax returns and forms and a cover letter dated January 24, 2008, with instructions for filing the returns, that envelope being addressed to:

> Client E
> [XX] N. Michigan Avenue, Suite [XXX]
> Chicago, IL 60602;

In violation of Title 18, United States Code, Section 1341.

## COUNT EIGHT

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs one and three through ten of Count One and paragraph two of Count Six of this Indictment.

2. On or about January 29, 2009, at Chicago, in the Northern District of Illinois, Eastern Division,

JEFFREY B. TRAVIS,

defendant herein, for the purpose of executing the above-described scheme, and attempting to do so, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, an envelope containing federal and state tax returns and forms and a cover letter dated January 27, 2009, with instructions for filing the returns, that envelope being addressed to:

> Client E
> [XX] E. Washington - Suite [XXX]
> Chicago, IL 60602;

In violation of Title 18, United States Code, Section 1341.

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2011-1 GRAND JURY further alleges:

1. The allegations of Counts One through Eight of this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 982.

2. As a result of his violations of Title 18, United States Code, Sections 1341 and 1344, as alleged in the foregoing Indictment,

JEFFREY B. TRAVIS,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any and all right, title, and interest he may have in any property, real and personal, constituting, and derived from, proceeds obtained directly and indirectly, from bank fraud, in violation of Title 18, United States Code, Section 1344, and mail fraud affecting a financial institution, in violation of Title 18, United States Code, Section 1341, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 982.

3. The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 982, include, but are not limited to, funds in the amount of $2,034,848 and any property constituting, derived from, and traceable to, the proceeds that the defendant obtained directly or indirectly as a result of the offenses.

4. Specifically, but not exclusively, subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2), are the funds described as $2,034,848 that defendant

obtained and caused to be obtained beginning at least as early as May, 2002, and continuing until at least January, 2009, from US Bankcorp and Clients A, B, C, D, and E, insofar as such funds constitute, and are derived from, bank fraud in violation of Title 18, United States Code, Section 1344, and mail fraud affecting a financial institution in violation of Title 18, United States Code, Section 1341.

    5.    If any of the forfeitable property described above, as a result of any act or omission by the defendant:

    a.    Cannot be located upon the exercise of due diligence;

    b.    Has been transferred or sold to, or deposited with, a third party;

    c.    Has been placed beyond the jurisdiction of the Court;

    d.    Has been substantially diminished in value; or

    e.    Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY